■ Morgan Stanley Capital Partners III, L.P., et al., Respondents-Appellants, v J.C. Flowers II L.P. et al., Appellants-Respondents. [938 NYS2d 53]—

The stock purchase agreement provides that any party may terminate the agreement by written notice at any time before the closing if the closing "shall not have occurred on or prior to August 31, 2007 so long as . . . the failure of the Closing to have occurred by such time is not due solely to regulatory action or inaction beyond the control of any party hereto." The parties' failure to close by August 31, 2007 was not due solely to regulatory action or inaction beyond their control, but was a result of the strategic choices they made in pursuing the necessary regulatory approvals for the transaction, including negotiating with the Connecticut regulator and waiting until approval was granted in Connecticut before seeking approval in three other states. Thus, after August 31, 2007, any of the parties had the option to terminate the agreement before closing.

Defendants did not waive their right to terminate the agreement by continuing to seek regulatory approval for the transaction after August 31, 2007. The agreement provided that its provisions could be amended or waived only in writing and that

no failure or delay by any party in exercising any right, power or privilege under the agreement would operate as a waiver. In addition, defendants expressly retained their right to terminate the agreement in a September 15, 2007 e-mail to plaintiffs stating that neither their request for financial information from Direct Response Corporation nor their filing of an amended approval application with the Connecticut regulator constituted a waiver of any right under the agreement, including, specifically, any right arising under the termination provision.

In view of the foregoing, plaintiffs' cross appeal from the denial of statutory interest on certain damages is academic. Concur—Tom, J.P., Moskowitz, Richter, Abdus-Salaam and Román, JJ.